CALEB R. TROTTER, SBN 305195
CTrotter@pacificlegal.org
DONNA G. MATIAS, SBN 154268
DMatias@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
(916) 419-7111
*Attorneys for Plaintiff Jason Murchison*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| JASON MURCHISON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF NEWPORT BEACH, CALIFORNIA,<br><br>        Defendant. | Case No.: 8:25-cv-00155<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff Jason Murchison is a father, veteran, and small business owner. Jason also has a deep love for the ocean. Ever since he began surfing in kindergarten, Jason has pursued a life in the water. He attended college in Hawaii to allow him to develop his skills as a surfer, and then joined the U.S. Navy, eventually becoming a Navy diver.

2. After honorably serving in the Navy, Jason graduated law school. He completed a night school program while starting a surf-instruction business during the day to support his education. When Jason's surf-instruction business thrived, he let his law career plans go.

3. Due solely to actions taken by Defendant City of Newport Beach (City), the life that Jason has built for his family is in danger. A Newport Beach municipal ordinance forbids anyone from giving paid surfing or stand-up paddleboard (SUP) lessons on nearly nine miles of City beaches without a contract with the City. Despite Mr. Murchison's multiple attempts to obtain a contract with the City—and despite his willingness to hand the City a sizeable portion of the proceeds for the privilege—he has been rebuffed each time with little explanation other than the City's view that it has enough surf instructors.

4. Aside from being unfair and anticompetitive, the City's actions are also unconstitutional and unlawful. Under the First Amendment to the United States Constitution, the City cannot prohibit Mr. Murchison from instructing others on how to surf. The Fourteenth Amendment to the U.S. Constitution also prohibits the City from favoring certain similar beach activities over others. Further, the Sherman Act forbids the City from monopolizing surf instruction within the City; and California's Coastal Act does not permit the City to restrict access to the coast without a Coastal Development Permit.

5. Mr. Murchison therefore seeks to vindicate his constitutional rights and ensure that he can lawfully pursue his right to earn a living by teaching others how to surf.

## JURISDICTION AND VENUE

6. This action arises under the First and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; 15 U.S.C. §§ 2, 15; and the California Coastal Act, Cal. Pub. Res. Code § 30000, *et seq*. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). This Court has supplemental jurisdiction over the state claim under 28 U.S.C. § 1367(a). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant City of Newport Beach is located within this District and a substantial part of the events giving rise to the claims occurred or will occur in this District.

8. Venue is proper in the Southern Division of this Court under 28 U.S.C. § 84(c)(3) because Defendant is located within this division and a substantial part of the events giving rise to the claims occurred or will occur in Orange County, California.

## PARTIES

9. Plaintiff Jason Murchison is a United States citizen and resident of Orange County, California. Mr. Murchison is a professional surfing and SUP instructor in Orange County, California.

10. Defendant City of Newport Beach is a California municipal corporation located in Orange County.

## FACTUAL ALLEGATIONS

### Newport Beach's Restriction on "Instructional Activity"

11. The Newport Beach Municipal Code prohibits anyone from providing "any instructional activity for monetary consideration in a park, park facility, or on a beach without first obtaining a written agreement from the Director [of the Newport Beach Recreation and Senior Services Department] to conduct or perform said instructional activity in a park, park facility, or on a beach." Newport Beach Muni. Code § 11.04.060(D) (Ordinance).

12. The Ordinance defines "instructional activity" as "any educational or recreational program or activity involving individual, team, or group instruction that is conducted or performed when there is monetary consideration provided for participation in the program or activity that occurs in a park, park facility, or on a beach." *Id.* § 11.04.020.

13. Teaching others how to surf or SUP is an "instructional activity."

14. The Ordinance does not set out any criteria or procedure for obtaining a written agreement with City officials to provide an instructional activity in exchange for compensation on City beaches and parks.

**Newport Beach Actively Enforces the Ordinance**

15. At least 13 providers have sought to obtain an agreement with Newport Beach to teach paid surfing and SUP lessons on City beaches since 2012. However, the City has agreements with only three companies even though two of the companies provide instruction during summer months only.

16. As part of the City's agreements with approved instructors, it receives 20-30% of the fees paid for surfing and SUP lessons.

17. On at least two occasions, Plaintiff Jason Murchison attempted to obtain an agreement pursuant to the Ordinance to teach surf and SUP lessons but was told that the City did not need any additional instructors.

18. The City posts signs near the beach stating "permit required" for "surf school instruction," with citation to the Ordinance provided and a statement that violators "may be cited."

19. In 2016, the City enforced the Ordinance against Plaintiff for allegedly teaching paid surf lessons on City beaches without the necessary City-approved agreement. Plaintiff was cited and then sued by the City. The lawsuit was settled in 2017.

20. In 2024, the City sought to enforce the settlement against Plaintiff in Orange County Superior Court. That settlement is not being challenged in this case.

21. Other instructors have been threatened with citations by City officials for teaching surf or SUP lessons on City beaches.

///

**The Ordinance and the City's Enforcement of
the Ordinance Limit the Public's Access to the Coast**

22. The California Coastal Act mandates that any person "wishing to perform or undertake any development in the coastal zone … shall obtain a coastal development permit." Cal. Pub. Res. Code § 30600.

23. The City, as a municipality, is a "person" for section 30600 purposes. *Id*. § 21066.

24. The City's beaches are within the coastal zone.

25. A "development" requiring a Coastal Development Permit includes any "change in the density or intensity of use of land," or any "change in the intensity of use of water, or of access thereto." *Id*. § 30106.

26. The Ordinance and the City's enforcement of the Ordinance is a "development" requiring a Coastal Development Permit.

27. The City did not obtain a Coastal Development Permit prior to enacting the Ordinance, nor has the City obtained a Coastal Development Permit since enactment of the Ordinance to authorize enforcement of the Ordinance.

28. "Development shall not interfere with the public's right of access to the sea where acquired through use or legislative authorization, including, but not limited to, the use of dry sand and rocky coastal beaches." Cal. Pub. Res. Code § 30211.

29. As mandated by Cal. Const. art. 10, § 4, "maximum access, which shall be conspicuously posted, and recreational opportunities shall be provided for all the people consistent with public safety needs and the need to protect public rights, rights of private property owners, and natural resource areas from overuse." Cal. Pub. Res. Code § 30210.

30. The Coastal Act also seeks to "maximize public recreational opportunities." *Id*. § 30001.5.

31. The Ordinance is designed to limit instructors' access to City beaches for the purpose of teaching others how to surf and SUP, and as a result, the Ordinance necessarily limits access to the beach for members of the public who have fewer surf and SUP instructors to choose from, thus deterring and reducing opportunities to learn how to surf and SUP and access the coast.

32. In a statement in response to questions about the Ordinance, an official with the California Coastal Commission stated: "Neither the Commission nor local governments can regulate private activities on public beaches unless there are impacts to coastal resources," and that so long as surf instructors "are not setting up infrastructure, we don't see any impacts to coastal resources." Daniel Langhorne, *Navy veteran puts spotlight on Newport's surfing lessons rules*, Newport Beach Independent (Nov. 29, 2019).[1]

33. Neither the Ordinance nor the substantive provisions of the Ordinance that restrict beach access are included in or contemplated by the City's Local Coastal Program or Coastal Land Use Plan. Both were first approved by the California Coastal Commission in 2005 and subsequently amended, with the most recently approved amendment occurring in 2019.

### Jason Murchison and His Surfing Business

34. Mr. Murchison began surfing more than 30 years ago when he was a kindergartner in Orange County, California. His love for surfing grew as it became a welcome and relaxing respite from competitive sports.

35. That love eventually led him to the University of Hawaii where, between classes, he developed his surfing skills on some of the best surf breaks in the world.

36. After graduating from the University of Hawaii, Mr. Murchison joined the United States Navy seeking to qualify as a SEAL. A career as a SEAL was not

---

[1] *Available at* https://www.newportbeachindy.com/navy-veteran-puts-spotlight-on-newports-surfing-lesson-rules/.

to be, however, and he instead became a Navy diver. After two years as a diver, he was honorably discharged from the Navy.

37. Upon leaving the Navy, Mr. Murchison started law school. To support himself while completing his legal studies, he enrolled in a part-time evening program and began teaching surf lessons during the day. At the beginning, he was teaching 2-3 students a week and barely covering his rent.

38. As time went on, Mr. Murchison's surf-instruction business grew. By the time he completed law school in 2016, the business—Learn to Surf—was doing well enough that he decided to operate and grow it full time. Now, he contracts with about eight other instructors to provide year-round surfing and SUP lessons in Orange County for surfers of all skill levels and ages. If not for the Ordinance, Mr. Murchison would teach surf lessons in Newport Beach.

39. In addition to teaching surf and SUP lessons for a living, Mr. Murchison has also donated his teaching time to the Wounded Warrior Project and drug rehabilitation clinics.

40. Over the years, Mr. Murchison has taught individuals from all 50 states, and at least 40 countries, how to surf and SUP.

## Antitrust Allegations

41. The City has both monopoly and market power over surfing and SUP lessons offered in Newport Beach, California. By virtue of the Ordinance, no one is permitted to offer surfing or SUP lessons in the City unless the City has entered into a contract with the provider that gives the City a substantial portion of the proceeds. As a result, the City excludes all other competitors from the market for surfing and SUP lessons offered in the City.

42. The City maintains a webpage where members of the public can obtain information about surf and SUP lessons. Surf and SUP lessons with City-approved providers can be booked and paid for through the City-owned and operated webpage.

In turn, the City disburses payment to approved providers after withholding its payment.

43. Even though at least 13 individuals have formally inquired about entering into an agreement with the City to provide surfing and SUP lessons in the City, Defendant has contracted with only three providers.

44. The City's monopoly and market power over surfing and SUP lessons offered in the City harms instructors like Mr. Murchison, as well as members of the public seeking to hire instructors like Mr. Murchison, by depriving them of the benefits of open competition in the market for surfing and SUP lessons in the City.

45. Being unable to offer surfing and SUP lessons in Newport Beach significantly hampers the ability for surfing and SUP instructors to maintain and grow successful businesses in Newport Beach. Due to the City's nearly nine miles of beaches, it is a popular surfing and SUP destination for local individuals, as well as visitors.

46. The City's enactment of the Ordinance constitutes an anticompetitive act because of the limits it places on the market for surfing and SUP lessons offered in Newport Beach. In addition, the City has engaged in other anticompetitive actions, including: refusing to enter agreements with more than three providers; citing instructors offering surfing and SUP lessons without an agreement pursuant to the Ordinance; erecting signs along the beach to discourage members of the public from taking lessons from instructors who do not possess an agreement with the City pursuant to the Ordinance; and initiating litigation against instructors for allegedly offering surfing lessons without possessing an agreement with the City pursuant to the Ordinance.

47. The relevant product market is individual and group lessons in surfing and SUP provided on beaches in exchange for compensation.

48. The relevant geographic market is Newport Beach, California. Because the Ordinance only applies within the boundaries of Newport Beach, the City is a distinct geographic market.

49. The City's enactment and enforcement of the Ordinance has harmed competition in several ways noted above. In addition, because of the Ordinance's facial prohibition on providing surfing and SUP lessons in Newport Beach, members of the public have fewer options for obtaining lessons in those activities. And given that the fees charged by approved providers are set through the City's contract with approved providers, members of the public are unable to negotiate fees even with approved providers.

50. Given public statements made by City officials at the time the Ordinance was enacted, the City cannot provide any legitimate procompetitive rationale for the Ordinance. The Ordinance is not justified by any genuine concern over ensuring the public has a positive experience with surfing and SUP lessons, including ensuring robust availability of lessons and affordable prices. Rather, the Ordinance is only justified by concerns of administrative convenience and ensuring that the City itself profits from for-profit instructional activities taking place on City beaches.

51. Any benefits created by the Ordinance are significantly outweighed by the substantial burdens placed on competition. Those burdens injure competition in the surfing and SUP lessons market in Newport Beach by essentially prohibiting competition. Instructors are injured by being unable to compete in Newport Beach, and members of the public are injured by the lack of options for lessons in Newport Beach and inflexibility in price.

52. The City's anticompetitive conduct has injured Mr. Murchison and competition in the market for surfing and SUP lessons in Newport Beach.

53. The City's abuse of its monopoly and market power in the market for surfing and SUP lessons in Newport Beach harms Mr. Murchison, other Orange

County instructors, and members of the public who seek out surfing and SUP lessons in Newport Beach. For example, the City's illegal exercise of its monopoly power results in fewer instructors being able to earn a living in Newport Beach and gives members of the public fewer options in obtaining lessons at affordable prices.

54. The City's enactment and enforcement of the Ordinance has materially and substantially injured Mr. Murchison by, among other things, reducing his ability to earn income and maintain goodwill in the community.

55. The City's unlawful monopolization and abuse of its market power has also materially and substantially harmed competition and injured consumer welfare by, among other things, reducing the public's options in choosing surfing and SUP instructors and reducing their ability to negotiate on price for those lessons.

56. If the Ordinance is not enjoined, harm to competition and injury to Mr. Murchison and others will continue and increase substantially.

57. Mr. Murchison's offering and providing of surfing and SUP lessons are within the flow of, and have substantially affected, interstate trade and commerce.

58. Mr. Murchison's clients rent surf boards, wet suits, and other gear from him and his business that are manufactured and produced from outside of California. Mr. Murchison's clients also come from numerous states other than California to be taught how to surf and SUP.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's First Amendment Right to Freedom of Speech
### (42 U.S.C. § 1983)

59. Plaintiffs reallege and incorporate by reference all allegations contained in the previous paragraphs.

60. An actual and substantial controversy exists between Plaintiff and Defendant. Plaintiff has the right to instruct others on how to surf and SUP.

61. The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, protects Plaintiff's ability to teach others how to surf and SUP, even when done on beaches within Newport Beach.

62. On its face and as enforced by Defendant, the Ordinance prohibits Plaintiff from teaching others how to surf and SUP on beaches within Newport Beach in exchange for compensation.

63. Prohibiting Plaintiff from teaching others how to surf on beaches within Newport Beach burdens Plaintiff's right to free speech.

64. The Ordinance serves as a prior restraint on Plaintiff's speech. The Ordinance includes no criteria upon which City officials are to decide whether to enter agreements with prospective surf and SUP instructors to provide surf and SUP instruction on City beaches. The Ordinance provides no procedure through which appeals of City decisions can be made and resolved.

65. The Ordinance is not a valid time, place, or manner restriction on speech because it is not content-neutral or narrowly tailored to serve a significant governmental interest, nor does it leave open ample alternative channels for Plaintiff to provide surf and SUP instruction in Newport Beach.

66. By prohibiting Plaintiff from teaching others to surf and SUP on beaches within Newport Beach, Defendant maintains and actively enforces a set of laws, practices, policies, and procedures under color of state law that deprives Plaintiff of his right to free speech, in violation of the First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment and 42 U.S.C. § 1983.

67. Plaintiff has no adequate remedy at law to compensate for the loss of his freedom of speech and will suffer irreparable injury absent an injunction prohibiting Defendant's enforcement of the Ordinance's requirement that he refrain from teaching others how to surf and SUP on beaches within Newport Beach unless the City contracts with him to do so.

68. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of the Ordinance.

## SECOND CAUSE OF ACTION

**Violation of Plaintiff's Fourteenth Amendment Right to Equal Protection**

**(42 U.S.C. § 1983)**

69. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1–58.

70. An actual and substantial controversy exists between Plaintiff and Defendant. Plaintiff has the right to equal protection under the law and to be free from arbitrary and selective restriction of that right.

71. On its face and as enforced by Defendant, the Ordinance creates an arbitrary and irrational distinction between beach uses by singling out paid instructional activities for restriction.

72. By restricting paid instructional activities on beaches within Newport Beach, but not unpaid instructional activities and paid non-instructional activities, Defendant arbitrarily and irrationally maintains and actively enforces a set of laws, practices, policies, and procedures under color of state law that deprives Plaintiff of his right to equal protection, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

73. For example, the City has provided no explanation why an instructor could teach a large group surfing lesson for free—or why an individual could busk on the beach for tips—without the need for an agreement with the City, whereas Plaintiff must obtain an agreement with the City before giving a surf lesson to even a single person in exchange for a fee.

74. The Ordinance is not sufficiently tailored to serve a legitimate government interest.

75. Plaintiff has no adequate remedy at law to compensate for the loss of his right to equal protection under the law due to the Ordinance and will suffer

irreparable injury absent an injunction prohibiting Defendant's enforcement of the Ordinance's restriction on instructional activities.

76. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of the Ordinance.

## THIRD CAUSE OF ACTION

### Illegal Monopolization of Surf and SUP Instruction

### (15 U.S.C. § 2)

77. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1–58.

78. Surfing and SUP lessons is a relevant product market and Newport Beach, California, is a relevant geographic market under the antitrust laws.

79. The City has monopoly power in the market for surfing and SUP lessons offered in Newport Beach, California.

80. The City has willfully maintained its monopoly in the surfing and SUP lesson market in Newport Beach, California.

81. The City of Newport Beach's willful maintenance of its monopoly has caused reduced competition, and that reduction in competition has caused antitrust injury to Mr. Murchison and others.

## FOURTH CAUSE OF ACTION

### Attempted Monopolization of Surf Instruction

### (15 U.S.C. § 2)

82. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1–58.

83. Surfing and SUP lessons is a relevant product market and Newport Beach, California, is a relevant geographic market under the antitrust laws.

84. The City has, at least, market power in the market for surfing and SUP lessons in Newport Beach, California.

85. The City has engaged in predatory and anticompetitive conduct in the market for surfing and SUP lessons in Newport Beach, California.

86. The City has acted with the specific intent to monopolize the market for surfing and SUP lessons in Newport Beach, California.

87. The City's attempt to monopolize has caused reduced competition, and that reduction in competition has caused antitrust injury to Mr. Murchison and others.

**FIFTH CAUSE OF ACTION**

**Violation of California Coastal Act**

**(Cal. Pub. Res. Code § 30000, *et seq.*)**

88. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1–58.

89. The California Coastal Act seeks to "maximize public recreational opportunities" and "maximum access" to the coast. Cal. Pub. Res. Code §§ 30001.5, 30210.

90. Surf and SUP lessons give members of the public the ability to access the coast through a unique and ancient form. Through offering paid surf and SUP lessons, instructors are also able to access the coast. By limiting the number of surf and SUP instructors authorized to operate in Newport Beach, the Ordinance deprives the public of options for safely learning how to surf and SUP, thus limiting access to beaches within Newport Beach.

91. The California Coastal Commission stated in 2019 that "[n]either the Commission nor local governments can regulate private activities on public beaches unless there are impacts to coastal resources," and that so long as surf instructors "are not setting up infrastructure, we don't see any impacts to coastal resources." As a result, the Commission views the Ordinance as restricting access to the coast.

92. Neither the Ordinance nor the substantive provisions of the Ordinance that limit access to the coast were included in the City's Local Coastal Program or

Coastal Land Use Plan. Because the City has an approved Local Coastal Program and Coastal Land Use Plan, any amendment to the Program or Plan must be submitted to the Coastal Commission. *See* Cal. Pub. Res. Code §§ 30512, 30514(a). The Ordinance is an "amendment" requiring Costal Commission approval because it is a "revision[]" of the Land Use Plan that "impose[s] further conditions, restriction, or limitations" on land use that "conflict with" the Coastal Act's policies favoring maximum access and recreational opportunities. Cal. Code Regs. tit. 14, § 13554(d)(3); *see* Cal. Pub. Res. Code §§ 30210, 30213.

93. The Ordinance is a "development" under the Coastal Act for which the City must obtain a Coastal Development Permit prior to enacting and enforcing the Ordinance. *See* Cal. Pub. Res. Code §§ 30500, 30600. The City has not sought or obtained a Coastal Development Permit for the Ordinance.

94. The Ordinance is a "development" because its enforcement has and will cause a "change in the density or intensity of the use of land" and "intensity of use of water or access thereto" for numerous visitors to, and residents of, Newport Beach by limiting the number of surf and SUP instructors in Newport Beach. *Id.* § 30106.

95. Plaintiff is therefore entitled, pursuant to Cal. Pub. Res. Code § 30803, to prospective declaratory and injunctive relief restraining the City from enforcing the Ordinance in any manner on beaches within the City.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaration that Newport Beach Muni. Code § 11.04.060(D), as applied to Plaintiff: (1) violates the First and Fourteenth Amendments to the U.S. Constitution; (2) establishes a monopoly in violation of the Sherman Act, 15 U.S.C. § 2, or is an attempt to monopolize in violation of 15 U.S.C. § 2; and (3) violates the California Coastal Act, Cal. Pub. Res. Code § 30000, *et seq.*;

B. A permanent injunction restraining Defendant and Defendant's officers, agents, affiliates, servants, successors, employees, and all other persons in

1  active concert or participation with Defendant from enforcing Newport Beach Muni.
2  Code § 11.04.060(D) against Plaintiff and all others who teach surfing and SUP
3  lessons on beaches within Newport Beach;
4         C.     Judgment for Plaintiff and against Defendant for the deprivation of
5  Plaintiff's rights;
6         D.     An award of nominal damages in the amount of $1.00;
7         E.     An award of attorney fees, costs, and expenses in this action pursuant
8  to 42 U.S.C. § 1988; and
9         F.     Any further relief as the Court may deem just, necessary, or proper.
10 DATED: January 28, 2025.

                                          Respectfully submitted,
                                          CALEB R. TROTTER, SBN 305195
                                          DONNA G. MATIAS, SBN 154268

                                          By    s/ *Caleb R. Trotter*
                                                      CALEB R. TROTTER

                                          *Attorneys for Plaintiff Jason Murchison*